## KEMPER INSURANCE COMPANIES, an Illinois corporation, Plaintiff—Appellant,

v.

## FEDERAL EXPRESS CORPORATION, a Delaware corporation; Patric Capito; Phi Ho; Christopher L. Watts; Aldinn Velasquez, Defendants—Appellees.

No. 01–15978.

D.C. No. CV–99–04271–CAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided July 16, 2002.

Before GOODWIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Kemper Insurance Companies ("Kemper"), subrogee for shippers Holmes Protection Group, Inc. and Ferrari Express, Inc., appeal the district court's partial grant of summary judgment to Federal Express Corporation ("FedEx") in Kemper's action alleging breach of contract for carriage of goods.

Kemper contends that FedEx's contractual limitation of liability is unenforceable because it restricts the value a shipper can declare, even though FedEx accepts shipments valued in excess of that value.

We apply federal common law to determine the validity of a contractual clause that limits a common carrier's liability for shipped cargo. *Read–Rite Corp. v. Burlington Air Express, Ltd.,* 186 F.3d 1190, 1198 (9th Cir.1999). A limited liability provision is enforceable if the contract offers the shipper reasonable notice of limited liability and a fair opportunity to purchase higher liability. *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987).

Here, it is undisputed that the shippers failed to declare a dollar value for the goods they shipped. Because the shippers accepted the benefit of shipping their goods at a lower rate, Kemper is estopped from challenging FedEx's choice of liability provisions. *See Union Pac. R. Co. v. Burke,* 255 U.S. 317, 321, 41 S.Ct. 283, 65 L.Ed. 656 (1921) (shipper estopped from recovering more than its stipulated value of goods shipped).

We conclude that the district court properly upheld the enforceability of FedEx's liability provisions. That the shippers insured their packages privately through Kemper demonstrates they had a fair opportunity to purchase higher liability. *See Vision Air Flight Service, Inc. v. M/V National Pride,* 155 F.3d 1165, 1169 (9th Cir.1998) (shipper cannot assert lack of fair opportunity to opt for higher coverage when it obtained higher coverage by insur-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing goods through independent entity). Because Kemper does not dispute that the shippers had notice of FedEx's liability provisions, and the shippers had a fair opportunity to purchase higher liability, the district court on these facts properly granted FedEx partial summary judgment on Kemper's breach of contract claim. *See id.; Deiro*, 816 F.2d at 1364.

AFFIRMED.